# EXHIBIT A

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| Antoine Jennings )<br>    2408 SW Morning Side Dr. )<br>    Blue Springs, MO 64015 )<br>& )<br> )<br>Cortney Jennings )<br>    4407 Clayborne Dr. Apt 105 )<br>    Kalamazoo Mi, 49009 )<br>               Plaintiffs )<br> )<br>v. )<br> )<br>ZURIXX, LLC )<br>DBA )<br>ADVANCED REALESTATE EDUCATION )<br>& )<br>THE FLIPPING FORMULA )<br>Registered Agent )<br>    ZURIXX Financial, LLC )<br>    6465 SOUTH 3000 EAST STE 203 )<br>    SALT LAKE CITY, UT 84121 )<br> )<br>               Defendants ) | Case No.<br><br>Division |

*Service by Private Process*

### PETITION FOR BREACH OF CONTRACT, AND VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT.

COMES NOW Plaintiffs, Antoine and Cortney Jennings, by and through their attorney of record, David S. Hinken, and for their cause of action against Defendant, state and allege as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Antoine Jennings is a resident of Blue Springs, Jackson County, Missouri

2. Plaintiff Cortney Jennings is a resident of Kalamazoo, Kalamazoo county, Michigan.

3. Plaintiffs sought education and guidance in practice of buying, remodeling and reselling house, know as "flipping houses" for their personal education and in contemplation of starting a family business

4. Defendant is a Utah LLC that holds seminars on various topics on a nation wide basis under various fictitious names.

5. At least two such seminars were held in Kansas City Missouri and attended by Plaintiff Antoine Jennings.

6. Plaintiffs spend a total of $4,500 on classes and mentoring offered by Defendant.

7. For such an amount plaintiff promised to provide insightful information and trade secret like advice to Plaintiffs to further their ability to flip houses. Additionally, Defendant promised in-depth one-on-one mentoring with Plaintiffs and to provide usable forms to further Plaintiffs' goals. Defendant's also guaranteed that they would provide Plaintiffs with financing to facilitate buying properties to flip.

## COUNT 1- BREECH OF THE MISSOURI MERCHANDISING PRACTICES ACT

8. Plaintiff incorporates the above numbered paragraphs into this count by reference.

9. Plaintiffs' purchased these classes for their own personal use.

10. Plaintiffs were induced to pay for classes and mentoring by Defendant's representation that they would receive in-depth help assessing the suitability of homes and strategies to negotiate a beneficial price on the homes, as well as how to secure financing and where to purchase materials and other supplies to renovate said homes at bottom dollar prices.

11. Plaintiffs were also induced to pay for this mentoring due to Defendant's representations that they would receive forms and contracts from Defendants that would be useful to them and allow them to purchase homes without retaining a real estate agent or attorney to prepare paperwork and sort out title related issues.

12. These promises were highly material to Plaintiffs' decision to pay for training from Defendant and were the sole reason for such decision.

13. When plaintiffs sought counseling an direction from the "mentor" provided by Defendant they were merely told to "go buy houses" with no direction on where to look for homes to buy, what types of homes would be particularly suitable, or any advice on location or any other expert-

type insight into the mater.

14. When a suitable home was located through Plaintiffs' own independent effort Defendant failed to provide the forms needed to finalize the sail despite Plaintiffs' repeated demand for such forms. This failure on Plaintiff's part caused the sail to fall through and not be finalized by Plaintiffs.

15. Such misrepresentations were made in connection to the sale of the training and mentoring that Plaintiffs paid for.

WHEREFORE, Plaintiffs pray that the court award them $4,500 in actual damages, reasonable attorney's fees, punitive damages against Defendant sufficient to deter such misconduct in the future, and for such other relief as the court deems just and proper.

## COUNT II-BREECH OF CONTRACT

16. Plaintiff incorporates the above numbered paragraphs into this count by reference.

17. Defendant offered to sell defendant the above referenced information and services to Plaintiffs for the sum of $4,500 dollars.

18. Plaintiffs accepted this offer and paid defendant the full amount of $4,500.

19. Defendant totally breached their duty to provide such information and services to Defendants.

20. As a result of this breach defendant's are damaged $4,500, representing the fee paid to Defendant.

21. Plaintiffs are additionally damaged in the amount of $1,300,000.00, representing the consequential damages from their loss of opportunity to profit from the remodel and resale of the home they attempted to purchase.

22. The sole cause of Plaintiff's inability to purchase the home was Defendant's failure to follow through with their contractual obligation to provide forms and services to Plaintiffs.

WHEREFORE, Plaintiffs pray that the court award them $1,304,500.00 in actual damages, and

for such other relief as the court deems just and proper.

## COUNT III UNJUST ENRICHMENT

23. Plaintiff incorporates the above numbered paragraphs into this count by reference.

24. Plaintiffs paid $2,400 to Defendants in exchange for the information and services discussed above.

25. Defendants accepted this money and have directly appreciated the benefit of it.

26. Defendants have not provided the goods and services bargained for when this money was given to them.

27. As a result of these circumstances it would be unjust to allow Defendant to retain the benefit of the money paid to them by Plaintiffs.

WHEREFORE, Plaintiffs pray that the court award them $4,500 in actual damages, and for such other relief as the court deems just and proper.

Respectfully submitted,

/s/David S. Hinken__    #65972
1114 Main Street
Blue Springs, MO 64015
Phone:  (816) 224-9500
Fax:    (816) 224-9503
hinkenlaw@gmail.com

ATTORNEY FOR PLAINTIFF