# EXHIBIT B



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

**Salt Lake County Sheriff's Office**
**James M. Winder, Sheriff**
**Court Services Division**
**385-468-9758**

Served by: Deputy _Bailey_
On _8-16_, 20_16_ at _0938_ hours
Served at _6465 S. 3000 E_
Manner of Service _ALT_
Signed _[signature]_

| | |
|---|---|
| Judge or Division: JENNIFER PHILLIPS | Case Number: 1616-CV04827 |
| Plaintiff/Petitioner: ANTOINE JENNINGS | Plaintiff's/Petitioner's Attorney: DAVID SAMUEL HINKEN 1114 W. MAIN STREET BLUE SPRINGS, MO 640_ |
| vs. | |
| Defendant/Respondent: ZURIXX, LLC | Court Address: 308 W Kansas INDEPENDENCE, MO 64050 |
| Nature of Suit: CC Breach of Contract | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: ZURIXX, LLC

RA: ZURIXX FINANCIAL LLC
6465 SOUTH 3000 EAST STE 203
SALT LAKE CITY, UT 84121

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

08-AUG-2016
Date                                  Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and Sworn To** me before this ___ (day) ___ (month) ___ (year)

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**Service Fees, if applicable**
Summons       $_____
Non Est       $_____
Mileage       $_____ (_____ miles @ $_____ per mile)
Total         $_____

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 (JAKSMOS) *For Court Use Only*: Document ID# 16-SMOS-742   1 of 2   (1616-CV04827)   Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:16-cv-01004-SRB   Document 1-3   Filed 09/15/16   Page 2 of 6

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| Antoine Jennings ) | |
|     2408 SW Morning Side Dr. ) | |
|     Blue Springs, MO 64015 ) | |
| & ) | |
| ) | |
| Cortney Jennings ) | |
|     4407 Clayborne Dr. Apt 105 ) | |
|     Kalamazoo Mi, 49009 ) | Case No. |
|         Plaintiffs ) | |
| ) | Division |
| v. ) | |
| ) | |
| ZURIXX, LLC ) | |
| DBA ) | |
| ADVANCED REALESTATE EDUCATION ) | |
| & ) | |
| THE FLIPPING FORMULA ) | |
| Registered Agent ) | |
|     ZURIXX Financial, LLC ) | |
|     6465 SOUTH 3000 EAST STE 203 ) | |
|     SALT LAKE CITY, UT 84121 ) | |
| ) | |
|         Defendants ) | |

*Service by Private Process*

### PETITION FOR BREACH OF CONTRACT, AND VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT.

COMES NOW Plaintiffs, Antoine and Cortney Jennings, by and through their attorney of record, David S. Hinken, and for their cause of action against Defendant, state and allege as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Antoine Jennings is a resident of Blue Springs, Jackson County, Missouri
2. Plaintiff Cortney Jennings is a resident of Kalamazoo, Kalamazoo county, Michigan.
3. Plaintiffs sought education and guidance in practice of buying, remodeling and reselling house, know as "flipping houses" for their personal education and in contemplation of starting a family business

4. Defendant is a Utah LLC that holds seminars on various topics on a nation wide basis under various fictitious names.

5. At least two such seminars were held in Kansas City Missouri and attended by Plaintiff Antoine Jennings.

6. Plaintiffs spend a total of $4,500 on classes and mentoring offered by Defendant.

7. For such an amount plaintiff promised to provide insightful information and trade secret like advice to Plaintiffs to further their ability to flip houses. Additionally, Defendant promised in-depth one-on-one mentoring with Plaintiffs and to provide usable forms to further Plaintiffs' goals. Defendant's also guaranteed that they would provide Plaintiffs with financing to facilitate buying properties to flip.

**COUNT 1- BREECH OF THE MISSOURI MERCHANDISING PRACTICES ACT**

8. Plaintiff incorporates the above numbered paragraphs into this count by reference.

9. Plaintiffs' purchased these classes for their own personal use.

10. Plaintiffs were induced to pay for classes and mentoring by Defendant's representation that they would receive in-depth help assessing the suitability of homes and strategies to negotiate a beneficial price on the homes, as well as how to secure financing and where to purchase materials and other supplies to renovate said homes at bottom dollar prices.

11. Plaintiffs were also induced to pay for this mentoring due to Defendant's representations that they would receive forms and contracts from Defendants that would be useful to them and allow them to purchase homes without retaining a real estate agent or attorney to prepare paperwork and sort out title related issues.

12. These promises were highly material to Plaintiffs' decision to pay for training from Defendant and were the sole reason for such decision.

13. When plaintiffs sought counseling an direction from the "mentor" provided by Defendant they were merely told to "go buy houses" with no direction on where to look for homes to buy, what types of homes would be particularly suitable, or any advice on location or any other expert-

type insight into the mater.

14. When a suitable home was located through Plaintiffs' own independent effort Defendant failed to provide the forms needed to finalize the sail despite Plaintiffs' repeated demand for such forms. This failure on Plaintiff's part caused the sail to fall through and not be finalized by Plaintiffs.

15. Such misrepresentations were made in connection to the sale of the training and mentoring that Plaintiffs paid for.

WHEREFORE, Plaintiffs pray that the court award them $4,500 in actual damages, reasonable attorney's fees, punitive damages against Defendant sufficient to deter such misconduct in the future, and for such other relief as the court deems just and proper.

## COUNT II-BREECH OF CONTRACT

16. Plaintiff incorporates the above numbered paragraphs into this count by reference.

17. Defendant offered to sell defendant the above referenced information and services to Plaintiffs for the sum of $4,500 dollars.

18. Plaintiffs accepted this offer and paid defendant the full amount of $4,500.

19. Defendant totally breached their duty to provide such information and services to Defendants.

20. As a result of this breach defendant's are damaged $4,500, representing the fee paid to Defendant.

21. Plaintiffs are additionally damaged in the amount of $1,300,000.00, representing the consequential damages from their loss of opportunity to profit from the remodel and resale of the home they attempted to purchase.

22. The sole cause of Plaintiff's inability to purchase the home was Defendant's failure to follow through with their contractual obligation to provide forms and services to Plaintiffs.

WHEREFORE, Plaintiffs pray that the court award them $1,304,500.00 in actual damages, and

Electronically Filed - Jackson - Independence - February 29, 2016 - 11:49 AM

for such other relief as the court deems just and proper.

### COUNT III UNJUST ENRICHMENT

23. Plaintiff incorporates the above numbered paragraphs into this count by reference.

24. Plaintiffs paid $2,400 to Defendants in exchange for the information and services discussed above.

25. Defendants accepted this money and have directly appreciated the benefit of it.

26. Defendants have not provided the goods and services bargained for when this money was given to them.

27. As a result of these circumstances it would be unjust to allow Defendant to retain the benefit of the money paid to them by Plaintiffs.

WHEREFORE, Plaintiffs pray that the court award them $4,500 in actual damages, and for such other relief as the court deems just and proper.

Respectfully submitted,

/s/David S. Hinken__    #65972
1114 Main Street
Blue Springs, MO 64015
Phone:  (816) 224-9500
Fax:    (816) 224-9503
hinkenlaw@gmail.com

ATTORNEY FOR PLAINTIFF

Electronically Filed - Jackson - Independence - February 29, 2016 - 11:49 AM